UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| **NORTHLAKE DEVELOPMENT, LLC,** | **CASE NO. 06-01934-NPO** |
| **DEBTOR.** | **CHAPTER 7** |
| | |
| **KINWOOD CAPITAL GROUP, LLC AND GEORGE KINIYALOCTS, INDIVIDUALLY AND AS GENERAL PARTNER OF KINIYALOCTS FAMILY PARTNERS I, LTD.** | **PLAINTIFFS** |
| **V.** | **ADV. PROC. NO. 06-00171-NPO** |
| **NORTHLAKE DEVELOPMENT, LLC AND BANKPLUS** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO ALTER OR AMEND JUDGMENT**

There came on for hearing (the "Hearing") the Motion to Alter or Amend Judgment (the "Motion") (Adv. Dk. No. 101) and the Amendment to Motion to Alter or Amend Judgment (the "Amendment") (Adv. Dk. No. 110) filed by Kinwood Capital Group, LLC and George Kiniyalocts, Individually and as General Partner of Kiniyalocts Family Partners I, Ltd. (the "Plaintiffs") and the Response of BankPlus to Motion and Amendment to Motion to Alter or Amend Judgment (the "Response") (Adv. Dk. No. 111) filed by BankPlus ("BankPlus") in the above-styled adversary proceeding (the "Adversary"). James R. Mozingo and William M. Simpson represented the Plaintiffs. Edward E. Lawler, Jr., R. Keith Foreman, William H. Leech, C. Glen Bush, and Danny E. Ruhl represented BankPlus. The Court, having considered the pleadings, exhibits, and arguments

of counsel presented at the Hearing, finds that the Motion is well taken in part and should be granted in part and is not well taken in part and should be denied in part as set forth herein. Specifically, the Court finds as follows:[1]

## Jurisdiction

This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and (K). Notice of the Hearing on the Motion was proper under the circumstances.

## Facts

The facts of this case are stated more fully in the Memorandum Opinion and Order Granting Amended Complaint (the "Opinion") (Adv. Dk. No. 94) issued previously by this Court. In short, Michael Earwood ("Earwood"), an attorney and member of Kinwood Capital Group, LLC ("Kinwood"), attempted to transfer certain real property (the "Property") owned by Kinwood to Northlake Development, LLC (the "Debtor")[2] in violation of the Kinwood Operating Agreement. Subsequently, Earwood, on behalf of the Debtor, executed a deed of trust pledging the Debtor's interest in the Property as collateral for a loan from BankPlus. In that actions taken by an LLC member in contravention of an LLC operating agreement are null and void *ab initio*, the Court determined that Earwood's attempted transfer of the Property from Kinwood to the Debtor was null and void *ab initio* and conveyed nothing. Consequently, the Debtor had no interest in the Property which it could convey to BankPlus, and the deed of trust from the Debtor to BankPlus did not create

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

[2] As discussed in the Opinion, the Debtor is a Mississippi limited liability company of which Earwood is the sole owner and managing member.

a valid security interest in the Property in favor of BankPlus.

Aggrieved by the Opinion and the Final Judgment Granting Amended Complaint (the "Final Judgment") (Adv. Dk. No. 95) entered contemporaneously therewith, BankPlus timely filed a Notice of Appeal (Adv. Dk. No. 98). The Plaintiffs then filed the Motion and Amendment currently before the Court. Thereafter, BankPlus filed a Motion for Additional Time (Adv. Dk. No. 106) requesting additional time to file its designation of items to be included in the record on appeal and its statement of issues to be presented on appeal, which the Court granted (Adv. Dk. No. 109).[3]

In the Motion and Amendment, the Plaintiffs seek: 1) an amendment to certain language in the Final Judgment to aid in recording the Final Judgment in the land records of the Chancery Clerk of Panola County, Mississippi; 2) the release of an injunction bond previously ordered by the Court; 3) the recovery of costs associated with the Adversary; 4) the recovery of attorney fees and expenses associated with the Adversary; 5) a money judgment against the Debtor, plus prejudgment interest;[4] and 6) a money judgment against the Debtor and BankPlus, jointly and severally, plus prejudgment interest. In the Response, BankPlus states that it does not object to the amendment to the Final Judgment to correct the legal description nor does it object to the release of the injunction bond. BankPlus does object, however, to the Plaintiffs' request for attorney fees, costs, and for a money judgment against BankPlus.

---

[3] The Order Granting Motion for Additional Time (Adv. Dk. No. 109) extended the deadline for the designation of the items to be included in the record on appeal and the statement of issues to be presented on appeal for at least ten (10) days after the entry of the order or judgment disposing of the Motion, or until such additional time as otherwise is provided by the Federal Rules of Bankruptcy Procedure.

[4] In the Amended Complaint, Plaintiffs also request postjudgment interest as to any judgment issued against the Debtor, *e.g.*, items five and six of this paragraph.

**Discussion**

**1. Request for Technical Amendment in Aid of Recording**

In the Motion and the Amendment, Plaintiffs seek to amend paragraphs A and B of the Final Judgment to replace them with the following language and to correct the legal description of the Property, as follows:

> A. The request for issuance of a judgment declaring the Kinwood Warranty Deed (covering the property described in Exhibit A) null and void *ab initio* and requiring it to be cancelled of record in the land records of the First Judicial District of Panola County, Mississippi, hereby is granted;
>
> B. The request for the issuance of a judgment declaring the BankPlus Deeds of Trust null and void *ab initio* and requiring them to be cancelled of record in the land records of the First Judicial District of Panola County, Mississippi, hereby is granted;
>
> C. The Chancery Clerk of Panola County, Mississippi, is directed to file this Judgment in the Land Records of the First Judicial District of Panola County, Mississippi, with regard to the property described in Exhibit A, and the Chancery Clerk is further directed as follows:
>
>> 1. Make an appropriate marginal notation on the warranty deeds from Kinwood Capital Group, LLC to Northlake Development, LLC covering the property described in Exhibit A that such deeds have been rendered null and void *ab initio* by this Judgment and are hereby cancelled of record, said deeds being recorded in Deed Book B-21 at Page 717 and Deed Book B-31 at Page 611;
>>
>> 2. Make an appropriate marginal notation on all of the deeds of trust from Northlake Development, LLC to BankPlus covering the property described in Exhibit A that such deeds of trust have been rendered null and void *ab initio* by this judgment and are hereby cancelled of record, said deeds of trust being recorded in Deed of Trust Books and Pages 276 at 61; 278 at 687; 285 at 137; 288 at 17; 288 at 483; 294 at 673 and 297 at 291.

Exhibit A

That certain land and property lying and being situated in the First Judicial District of Panola County, Mississippi, to-wit:

**Tract 1:** The Northeast Quarter (NE 1/4), and the North Half of the Northwest Quarter (N ½ of NW 1/4) of Section 34; and the South Half of the Southeast Quarter (S ½ of SE 1/4) and the East Half of the Southwest Quarter (E ½ of SW 1/4), and the Southwest Quarter of the Southwest Quarter (SW 1/4 of SW 1/4) of Section 27, all in Township 7, Range 6 West, and containing a total of 440 acres, more or less.

LESS AND EXCEPT: Part sold by Warranty Deed recorded in Book A-74, Page 443, by Warranty Deed recorded in Book A-79, Page 515 and by Warranty Deed recorded in Book A-79, Page 519, all in the Office of the Chancery Clerk of Panola County, Mississippi at Sardis.

**Tract 2:** The South Half of the Northwest Quarter (S ½ of NW 1/4) of Section 34, Township 7, Range 6 West, containing eighty (80) acres, more or less.

LESS AND EXCEPT: Lots 1, 5, 7, 8, 12, 17, 19, 20, 21, 24, 26, 29, 33, 45, 46, 51, 52, 69, 70, 74, 75, 76, 77, 81, 82, 83, 84, 85, 86, 87, 88, 90, 92, 93, 95, 96, 97, 98, 99, and 105 of Southern Trace Subdivision Phase I, according to the plat thereof which appears of record in Plat Slides 36 through 38 in the Office of the Chancery Clerk of Panola County, Mississippi at Sardis.

All situated in Sections 27 and 34, Township 7, Range 6 West, First Judicial District of Panola County, Mississippi.

BankPlus, in its Response and at the Hearing, stated that it does not object to an amendment being made to the Final Judgment to correct the legal description of the Property. Consequently, the Court will grant the relief requested in the Motion as to the attachment of Exhibit A, which reflects the correct legal description of the Property, to the Final Judgment. Moreover, the Court will grant the relief requested by the Plaintiffs to amend Paragraphs A and B of the Final Judgment to reflect Paragraphs A and B as set forth above.

The Court, however, will deny the Plaintiffs' request to insert Paragraph C set forth above. That is, Plaintiffs seek to have this Court direct the Chancery Clerk of the First Judicial District of Panola County, Mississippi, to "file this Judgment in the Land Records" and to "make an appropriate marginal notation" on the warranty deeds and the deeds of trust. The Court perceives the Plaintiffs' request as one for the issuance of a mandatory injunction. In this Adversary, however, the Court has no personal jurisdiction over the Chancery Clerk of Panola County, Mississippi. Moreover, the Plaintiffs cite no authority in support of their proposition that such a mandatory injunction could issue. Accordingly, and in light of such important concepts as federalism and comity, the Court will deny Plaintiffs' request to insert Paragraph C in the Final Judgment. *See generally* Randolph J. Haines, *Federalism Principles in Bankruptcy After Katz*, 15 Am. Bankr. Inst. L. Rev. 135, 141 (2007) ("Like all federal jurisdiction, bankruptcy jurisdiction is limited, and federalism principles are certainly at least one of the motivating reasons for this limitation."), and Carlos J. Cuevas, *Bankruptcy Code Section 105(a) Injunctions and State and Local Administrative and Civil Enforcement Proceedings*, 4 Am. Bankr. Inst. L. Rev. (Winter 1996).

**2. Request for Release of Injunction Bond**

As noted by the Plaintiffs in the Motion, the Court previously issued a Temporary Restraining Order ("TRO") (Adv. Dk. No. 12) and required the Plaintiffs to post a security bond in the amount of $25,000. The Court subsequently converted the TRO to a preliminary injunction, which expired by its own terms on December 29, 2006 (Adv. Dk. No. 23). Plaintiffs now request the Court to release the security bond. BankPlus stated in its Response that it has no objection to the release of the bond. Given the lack of objection by BankPlus and the expiration of the

preliminary injunction, the Court will grant the release of the $25,000 security bond.[5]

**3. Costs**

In the Motion, Plaintiffs assert that Federal Rule of Bankruptcy Procedure[6] 7054(b),[7] provides that they, as the prevailing parties, are entitled to recovery of their costs from both the Debtor and BankPlus. BankPlus denies that the Plaintiffs are entitled to recover their costs from BankPlus, and argues instead that costs should be assessed against the Debtor.

    **a. Procedural**

Federal Rule of Civil Procedure 8[8] is made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7008(a). Civil Rule 8(a) provides, in pertinent part, a pleading that states a claim for relief must contain:

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[5] Following the Hearing, the Plaintiffs filed a Motion for Entry of Order Dissolving Injunction and Releasing Bond (the "Motion to Dissolve Injunction") (Adv. Dk. No. 114). The relief requested in the Motion to Dissolve Injunction is included in the Motion and, therefore, is duplicative. Given the entry of this Memorandum Opinion and Order, the Motion to Dissolve Injunction is moot and will be denied. Moreover, the Plaintiffs' request for attorney fees and costs will be denied since the filing of the Motion to Dissolve Injunction was unnecessary. Finally, the Court observes that the attachment of e-mails to the Motion to Dissolve Injunction is inappropriate since they include matters outside the record.

[6] Hereinafter all citations to the Federal Rules of Bankruptcy Procedure will be referred to as the "Bankruptcy Rules."

[7] At the Hearing, Plaintiffs' counsel acknowledged that, although the Motion refers to Rule 7054(c), the proper citation should be Bankruptcy Rule 7054(b).

[8] Hereinafter all citations to the Federal Rules of Civil Procedure will be referred to as the "Civil Rules."

Fed. R. Civ. P. 8(a)(2), (3). In fact, "[t]he chief function of the pleadings under the Civil Rules is to give fair notice of the claim in order for the defendant to answer and prepare for trial." 10 Collier on Bankruptcy, ¶ 7008.02[2] (Matthew Bender 2005).

The Plaintiffs conceded at the Hearing that they did not specifically assert a claim for costs within the Amended Complaint or the pretrial order (the "Pretrial Order") (Adv. Dk. No. 79). However, the Plaintiffs contend that the prayer in the Amended Complaint for "such other, different, further or more general relief as to the Court may seem just and proper in the premises hereof" encompasses a request for costs (Am. Compl., p. 8). Plaintiffs further maintain that they requested recovery of costs in the Pretrial Order, which delineates one of the legal issues as, "[w]hether Plaintiffs . . . are entitled to other relief than that specifically prayed for herein." (Pretrial Order, p. 9).

Indeed, Civil Rule 54(c), made applicable to bankruptcy proceedings pursuant to Rule 7054(a),[9] provides:

> (c) Demand for Judgment; Relief to Be Granted. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

Yet, a caveat to Civil Rule 54(c) exists that a court should not grant such relief when the opposing party would be prejudiced by the granting of such relief. *See* International Harvester Credit Corp. v. East Coast Truck, 547 F.2d 888, 891 (5th Cir. 1977); Sapp v. Renfroe, 511 F.2d 172, 176 n. 3 (5th Cir. 1975). In that BankPlus had no notice that the Plaintiffs were seeking costs and would be

---

[9] Bankruptcy Rule 7054 states:

(a) Rule 54(a)-(c) FR Civ P applies in adversary proceedings.

prejudiced by the granting thereof, the Court finds that the Plaintiffs have failed to plead properly the recovery of costs.

### b. Substantive

Assuming *arguendo* that the Plaintiffs properly had requested recovery of costs, the Court would not grant such a recovery based on the record in this proceeding. The Plaintiffs assert that they should be awarded costs against the Debtor and BankPlus for a number of reasons. Plaintiffs maintain they should be awarded costs because they prevailed at the trial of these matters (the "Trial"). Plaintiffs also contend that neither the Debtor nor BankPlus had any viable defense and that, accordingly, there is no equitable reason not to award costs. Plaintiffs further assert that a Mississippi state court would award costs. Finally, the Plaintiffs maintain that 28 U.S.C. § 1920 provides for recovery of costs within the Fifth Circuit.

In the recent case of In re Clansy, 2008 WL 177779 (Bankr. S.D. Tex. 2008), that bankruptcy court stated:

> Federal Rule of Bankruptcy Procedure 7054(b) (Bankruptcy Rule 7054(b)) provides, in relevant part: "The court *may allow* costs to the prevailing party except when a statute of the United States or these rules otherwise provides." FED. R. BANKR. P. 7054(b) (emphasis added). The corresponding rule for civil actions, Federal Rule of Civil Procedure 54(d)(1) (Civil Rule 54(d)), provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - *should be allowed* to the prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). Although the rules are quite similar, the Bankruptcy Rule utilizes permissive language (i.e., "may"), whereas the Civil Rule utilizes presumptive language (i.e., "should").

In re Clansy, 2008 WL 177779, *1. The Clansy court elaborated:

> [T]he award of litigation costs, pursuant to Federal Rule of Bankruptcy Procedure 7054(b), is discretionary, and . . . there is no rebuttable presumption that costs will be awarded to the prevailing party. The permissive language in Federal Rule of Bankruptcy Procedure 7054 creates a different standard for awarding costs than the mandatory language found in the corresponding Federal Rule of Civil Procedure 54.

Id.

"The Fifth Circuit has not yet considered the standard for awarding costs. . . ." Id. at *3. However, a court should consider "such factors as bad faith by the prevailing party in incurring unnecessary costs and the inability of the debtor to afford the costs of the prevailing party." Id, "The prevailing party bears the initial burden of establishing that each specifically documented cost that it seeks falls within the itemized list of permissible costs in 28 U.S.C. § 1920, and persuading the Court that the costs were reasonably necessary to the litigation."[10] Id. at *4. "After the prevailing party meets its burden, the burden of persuasion shifts to the opposing party, to show that costs should not be allowed under the circumstances." Id.

At the Hearing in the case at bar, the Plaintiffs were granted the opportunity but failed to produce evidence establishing their specific costs. Consequently, the Court is precluded from weighing the appropriate factors, such as whether any costs were unnecessary. *See* Northwestern Corp. v. Magten Asset Management Corp. (In re Northwestern Corp.), 326 B.R. 519, 530 (Bankr. D. Del. 2005) ("prevailing party must make a sufficient record to move the Court's discretion as the burden for entitlement for costs and expenses falls on the applicant" and "each expense item must be properly documented with enough specificity to permit the court to evaluate the expense"). The Court, therefore, finds that the Plaintiffs have failed to meet their burden of establishing the costs incurred in this litigation and will deny Plaintiffs' request for costs against the Debtor and against BankPlus.

---

[10] 28 U.S.C. § 1920 lists permissible costs, such as fees of the clerk, marshal, and court reporter; printing and copying fees; docket fees; and fees of experts and interpreters. Id. at *4.

**4. Attorney Fees**

Plaintiffs also request the recovery of attorney fees and expenses against the Debtor and BankPlus. BankPlus argues that the Plaintiffs' request for attorney fees against BankPlus should be denied.

**a. Procedural**

As noted, Civil Rule 8(a) provides that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(2), (3). In addition to the requirements of Civil Rule 8(a), however, Bankruptcy Rule 7008(b) also provides:

> A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate.

Fed. R. Bankr. P. 7008(b).

The Plaintiffs request an award of attorney fees against the Debtor in the general prayer of the Amended Complaint (Am. Compl., p. 7, ¶ G). The Plaintiffs request an award of attorney fees against BankPlus in the "Statement of the Legal Issues" portion of the Pretrial Order (Pretrial Order, p. 9, ¶ D), which provides that "it supercedes the pleadings which are hereby amended to conform hereto." (Pretrial Order, p. 11). In neither instance, however, is the request for attorney fees made in conformity with Bankruptcy Rule 7008(a) and (b). That is, the Plaintiffs do not properly plead a separate claim for attorney fees. *See* Comment to Bankruptcy Rule 7008(b) ("It is not sufficient under Rule 7008(b) to include the request for attorney fees in the prayer."). Accordingly, the Court finds that the Plaintiffs have failed to set forth properly a claim for attorney fees against either the Debtor or BankPlus and, thus, will deny the request for attorney fees against the Debtor and BankPlus.

### b. Evidentiary

Moreover, even had the request for attorney fees against the Debtor and BankPlus been pleaded properly, the Plaintiffs again failed to produce at the Hearing any evidence, such as billing records or timesheets, in support of that request. Consequently, the request for attorney fees would be denied on that basis.

### c. Substantive

Finally, assuming for the sake of argument that the request for attorney fees had been pleaded as a claim and that the Plaintiffs had submitted evidence demonstrating the amount of the attorney fees, the Court would deny the request based on the record in this proceeding. As to the Debtor, Plaintiffs assert that "at all times [the Debtor] knew that it had not given consideration for the Kinwood Conveyance and that Michael Earwood had no authority to make such conveyance." (Mot., p. 4, ¶ 5). Thus, Plaintiffs contend that their attorney fees and expenses arise from the tortious and fraudulent acts of the Debtor and Earwood, and that "any opposition to Plaintiffs' claims were without any reasonable basis or justification." (Mot., p. 4, ¶ 5). Yet, Plaintiffs do not cite any authority in support of their request for an award of attorney fees against the Debtor.

The Plaintiffs also allege that BankPlus "defended the claims of Plaintiffs without substantial justification and unnecessarily expanded the proceedings despite having no reasonable hope of success." (Mot., p. 5, ¶ 6). More specifically, Plaintiffs maintain that the defenses asserted by BankPlus, *e.g.*, that Earwood had actual or apparent authority to act on behalf of the Plaintiffs and that BankPlus was a good faith purchaser for value without notice, were asserted without "prospect of victory and merely prolonged the case and made it materially more expensive." (Mot., p. 14, ¶19).

As a basis for recovery of attorney fees against BankPlus, Plaintiffs rely on the Mississippi Litigation Accountability Act of 1988, which allows a court to award attorney fees in a civil action which is brought or defended by an attorney or party without substantial justification or to delay or harass or where a party unnecessarily expands the proceedings. Plaintiffs also urge the Court to award attorney fees against BankPlus as an equitable exception to the American Rule of not awarding attorney fees to prevailing parties in situations where overriding considerations or the interests of justice so require. Plaintiffs further maintain that BankPlus pursued defenses for which it had no reasonable basis or expectation of success, which caused unnecessary delay and needlessly increased the cost of the litigation in violation of Federal Rule of Bankruptcy Procedure 9011. In addition, Plaintiffs contend that the defenses asserted by BankPlus were not warranted by existing law, nor was there a good faith argument for an extension or change of existing law. Finally, Plaintiffs state that 28 U.S.C. § 1927 provides for their recovery of attorney fees and expenses.

Collectively, each of the bases relied on by the Plaintiffs contemplate that BankPlus' defenses were asserted without substantial justification, without expectation of success, or to harass or delay. The Court declines to accept the Plaintiffs' position. Prior to Trial, the Court denied Plaintiffs' Motion for Summary Judgment because a central factual issue remained for Trial,[11] which in and of itself belies the argument that BankPlus had no hope of success. And, although the Plaintiffs ultimately prevailed at Trial, BankPlus presented evidence, expert and otherwise, in support of its defenses. Thus, the Court is not persuaded that BankPlus' defenses were raised without substantial justification, without expectation of success, or to delay or harass, and the Plaintiffs' request for attorney fees would be denied for these reasons, as well.

---

[11] On page 16 of the Opinion, the Court identified the central fact question at Trial as "whether Kiniyalocts gave Earwood authority to transfer the property to Northlake on behalf of Kinwood."

**5. Judgment against Northlake**

The Plaintiffs maintain that they are entitled to a money judgment against the Debtor for certain unauthorized transfers that Earwood, on behalf of Kinwood, made from Kinwood to the Debtor. The Plaintiffs contend that the evidence at Trial established that Earwood "caused certain transfers to be made to Northlake, none of which were authorized." (Mot., p. 17, ¶ 27). That evidence, introduced at Trial as Exhibits P-74 and P-75, consists of eight (8) checks from Kinwood to the Debtor, totaling $27,512.65.[12]

As stated, Civil Rule 8(a) provides that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(2), (3). The Plaintiffs did not set forth specifically a separate and distinct claim for a money judgment against the Debtor in the Amended Complaint. Yet, the Plaintiffs did request in the general prayer of the Amended Complaint, a "[j]udgment in favor of Kinwood for all sums found to be due and owing from Northlake to Kinwood, together with pre-judgment and post-judgment interest at an appropriate rate, . . . ." (Am. Compl., p. 7, ¶ G). Considering it is "[t]he chief function of the pleadings under the Civil Rules is to give fair notice of the claim in order for the defendant to answer and prepare for trial," 10 Collier on Bankruptcy, ¶ 7008.02[2] (Matthew Bender 2005),[13] the Court finds that the Plaintiffs gave fair notice to the Debtor that they were seeking a money judgment against it.[14]

---

[12] Each of the eight (8) checks constitutes a prepetition obligation of the Debtor.

[13] Absent, of course, a specific pleading requirement such as Rule 7008(b), as discussed *infra*, at part 4.

[14] The Debtor did not file an answer to the Amended Complaint or otherwise participate in the Trial.

Also as observed previously, Civil Rule 54(c) provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." In that the evidence at Trial established that Earwood fraudulently transferred $27,512.65 from Kinwood to the Debtor, the Plaintiffs are entitled to and will be granted a money judgment against the Debtor in the amount of $27,512.65, plus post-judgment interest calculated in accordance with 28 U.S.C. §1961 from the date of the entry of judgment until paid.[15]

### 6. Judgment against Northlake and BankPlus

The Plaintiffs maintain that they also are entitled to a money judgment against the Debtor and BankPlus, jointly and severally, in the amount of $22,575.91. The evidence at Trial established that on November 22, 2004, Kiniyalocts forwarded via wire transfer $25,000 to Kinwood (Tr. Ex. P-75), and that on November 23, 2004, Earwood withdrew $23,000 from Kinwood (Tr. Ex. P-75) to cover a check in the amount of $22,575.91 which Earwood, on behalf of the Debtor, had written on November 15, 2004, to BankPlus (Tr. Ex. P-58).[16] Plaintiffs argue that the funds paid to BankPlus are the direct proceeds of Earwood's fraud and that the Plaintiffs are entitled to recover those funds from the Debtor and BankPlus.

For the reasons set forth in part 5, *infra*, the Court finds that the Plaintiffs gave fair notice to the Debtor that they were seeking a money judgment against it. Yet, as noted, the Debtor did not file an answer to the Amended Complaint or otherwise participate in the Trial. Therefore, as the evidence at Trial established that Earwood fraudulently transferred $22,575.91 from Kinwood, on behalf of the Debtor, to BankPlus, the Plaintiffs are entitled to and will be granted a money judgment against

---

[15] In that the Plaintiffs failed to allege any basis for an award of prejudgment interest, that request is denied.

[16] As in note 12 *infra*, this transfer constitutes a prepetition obligation of the Debtor.

the Debtor in the amount of $22,575.91, plus post-judgment interest calculated in accordance with 28 U.S.C. § 1961 from the date of the entry of judgment until paid.[17]

In contrast, the Plaintiffs did not assert a claim for a money judgment against BankPlus in the Amended Complaint. Rather, the Plaintiffs requested only "such other, different, further or more general relief as to the Court may seem just and proper in the premises hereof." (Am. Compl., p. 8). The Plaintiffs also identified as a legal issue in the Pretrial Order, "Whether Plaintiffs . . . are entitled to other relief than that specifically prayed for herein." (Pretrial Order, p. 9, ¶ E).

BankPlus maintains that the Plaintiffs have failed to properly set forth a claim for a money judgment because Plaintiffs made no request for such a judgment against BankPlus in either the Amended Complaint or the Pretrial Order. BankPlus also asserts that the Plaintiffs failed to indicate during the Trial that they would "look to the BankPlus to recover the wire transfer funds." (Resp., p. 14).

The Court finds that the Plaintiffs have failed to set forth properly a claim for a money judgment against BankPlus. Although as discussed previously, Civil Rule 54(c) provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," a court should not grant such relief when the opposing party would be prejudiced by the granting of such relief. See International Harvester Credit Corp. v. East Coast Truck, 547 F.2d at 891; Sapp v. Renfroe, 511 F.2d at 176, n. 3. In this case, the Plaintiffs did not indicate that they were seeking a money judgment against BankPlus, and BankPlus would be prejudiced by the award of such a money judgment at this late stage of the proceedings. Accordingly,

---

[17] In that the Plaintiffs failed to allege any basis for an award of prejudgment interest, that request is denied.

the Court will deny Plaintiffs' request for a judgment in the amount of $22,575.91 against BankPlus.[18]

## Conclusion

Based on the foregoing, the Court finds that the Final Judgment Granting Amended Complaint (Adv. Dk. No. 95) should be altered and amended as follows:

1) The relief requested in the Motion as to the attachment of Exhibit A, which reflects the correct legal description of the Property, to the Final Judgment, should be and hereby is granted;

2) The relief requested in the Motion to amend Paragraphs A and B of the Final Judgment to reflect Paragraphs A and B as set forth herein should be and hereby is granted;

3) The relief requested in the Motion to insert Paragraph C set forth herein should be and hereby is denied;

4) The request for release of the $25,000 security bond should be and hereby is granted;

5) The request for recovery of costs from the Debtor and BankPlus should be and hereby is denied;

6) The request for recovery of attorney fees from the Debtor and BankPlus should be and hereby is denied;

7) The request for a money judgment against the Debtor in the amount of $27,512.65, plus post-judgment interest calculated in accordance with 28 U.S.C. §1961 from the date of the entry of judgment until paid, should be and hereby is granted;

8) The request for a money judgment against the Debtor in the amount of $22,575.91, plus post-judgment interest calculated in accordance with 28 U.S.C. § 1961 from the date of the entry of judgment until paid, should be and hereby is granted; and

---

[18] In its Response, BankPlus requests attorney fees and costs against the Plaintiffs for having to defend the Motion. BankPlus sets forth no basis for such an award and, therefore, the Court denies the request of BankPlus for attorney fees and costs.

9) The request for a money judgment against BankPlus should be and hereby is denied.

IT IS, THEREFORE, ORDERED that the Motion is well taken and granted in part and is not well taken and is denied in part as set forth herein.

IT IS FURTHER ORDERED that the Motion to Dissolve Injunction is denied as moot, and the Plaintiffs' request for attorney fees and costs contained therein is denied.[19]

A separate final judgment will be entered in accordance with Rules 7054 and 9021.

SO ORDERED,

---

[19] *See* p. 6, n. 5 herein,