UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BANKPLUS                                                                                          APPELLANT

V.                                                              CIVIL ACTION NO. 3:08cv498 DPJ-JCS

KINWOOD CAPITAL GROUP, L.L.C.
AND GEORGE KINIYALOCTS, INDIVIDUALLY
AND AS GENERAL PARTNER OF
KINIYALOCTS FAMILY PTRS. I, LTD.                                                                  APPELLEES

## ORDER

This bankruptcy dispute is before the Court on Appellant BankPlus's appeal of the July 11, 2008 order of the United States Bankruptcy Court for the Southern District of Mississippi. The Court, having considered the parties' submissions and relevant authorities, finds that the Bankruptcy Court's order should be affirmed.

This Court has jurisdiction to hear an appeal of a bankruptcy court order pursuant to 28 U.S.C. § 158. In doing so, the Court reviews findings of fact under the clearly erroneous standard; conclusions of law are reviewed *de novo*. *In re Evert*, 342 F.3d 358, 363 (5th Cir. 2003). Finding no clearly erroneous factual findings, the present case turns on a question of law.

The Bankruptcy Court's order [94] thoroughly and accurately recounts the relevant facts. In very general terms, Appellee George Kiniyalocts ("Kiniyalocts") and Michael E. Earwood ("Earwood") formed Kinwood Capital Group, L.L.C. ("Kinwood") in 1998. Kinwood is a Mississippi member-managed limited liability company formed to purchase and develop a tract of land in Mississippi ("the Property"). In 2000, Earwood executed warranty deeds on behalf of Kinwood conveying the Property to Northlake Development, L.L.C. ("Northlake") an entity Earwood owned as sole owner and member. Earwood had no authority to convey the Property.

Between August 2000 and March 2004, Northlake executed a series of promissory notes

to BankPlus, which obtained and recorded several deeds of trust on the Property. After Northlake defaulted on these loans, BankPlus attempted to foreclose on the Property, but Kinwood sought an injunction within its bankruptcy proceedings. After a three-day hearing, the Bankruptcy Court ultimately determined that the Kinwood warranty deeds and BankPlus deeds of trust were void *ab initio*.

The outcome of this appeal turns on a single issue of first impression under Mississippi law–whether a contract conveying title signed by an LLC member in contravention of the Mississippi Limited Liability Company Act ("the LLC Act"), Mississippi Code Annotated Sections 79-29-101 *et seq.* (2001), can pass title to a subsequent bona fide purchaser for value ("BFP").

Under the Mississippi LLC Act,

every member is an agent of the limited liability company for the purpose of conducting its business and affairs, and the act of any member, including, but not limited to, the execution in the name of the limited liability company of any instrument for apparently carrying on in the usual way the business or affairs of the limited liability company of which he is a member, binds the limited liability company, *unless the member so acting has, in fact, no authority to act for the limited liability company in the particular matter and the person with whom he is dealing has knowledge of the fact that the member has no such authority.*

Miss. Code Ann. § 79-29-303(1) (emphasis added). Moreover, "[n]o act of a manager or member in contravention of a restriction on authority shall bind the limited liability company to persons having knowledge of the restriction." Miss. Code Ann. § 79-29-303(4).

In this case, the Bankruptcy Court correctly found that Earwood was not authorized to convey title to Northlake and that Northlake had knowledge of the unauthorized act because Earwood owned Northlake. Earwood could not bind Kinwood. Miss. Code Ann. § 79-29-

303(1). The question, however, is whether a subsequent BFP thereafter obtains clear title.[1]

No Mississippi court has ever considered these statutory provisions in light of a claimed BFP. Thus, this Court considered the rules of statutory construction and the various factors for making an Erie guess listed in cases such as *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 199 (5th Cir. 2006) (citations omitted). Starting with the statute, "bind" is not a defined term, there is no legislative history, and the statute does not attempt to address the effect of an unauthorized act on a subsequent BFP.

Absent any Mississippi cases directly on point, the Court looked at analogous Mississippi authority and found that Mississippi will protect a principal or a BFP depending on the context of the relationships. *Compare Guice v. Burrage*, 156 F.2d 304, 306 (5th Cir. 1946) (finding that bona fide purchasers for value obtained clear title despite fraudulently conveyed mineral lease deeds) *with  Sec. Inv. Co. of St. Louis v. Williams*, 193 So. 2d 719, 722 (Miss. 1967) (holding that "[t]he note and trust deed having been forgeries, even an innocent purchaser, for value and without notice that they were forgeries, could acquire no title"); *Scott v. Nelson*, 820 So. 2d 23, 24-25 (Miss. Ct. App. 2002) (holding that minors have authority to ratify or avoid conveyances upon reaching majority, at which point conveyances become "void *ab initio*"). Although Mississippi has not considered the competing interests created when an unauthorized LLC member conveys property that is eventually purchased by a BFP, the case seems analogous to the forgery cases.

Looking beyond Mississippi, the Bankruptcy Court relied on *Overhoff v. Scarp, Inc.*,

---

[1] Finding that the conveyance was void *ab anitio*, the Bankruptcy Court did not reach the issue of BankPlus's claimed BFP status.

where the court held that actions taken in violation of an LLC's operating agreement are null and void. 812 N.Y.S.2d 809, 819 (N.Y. Sup. Ct. 2005). Other cases reach a similar result. *See, e.g.*, *TIC Holdings, LLC v. HR Software Acquisition Group, Inc.*, 750 N.Y.S.2d 425, 429 (N.Y. Sup. Ct. 2002) (determining that purchase agreement executed solely by minority member was void *ab initio* where LLC statute required majority vote to bind LLC). BankPlus essentially concedes that title cannot pass if the contract is void *ab initio*, but argues that the courts in these non-binding cases were not required to consider the ramifications of the finding on BFPs. BankPlus's observation is accurate, but neither it nor anyone else has found a case more directly on point. Presumably, these other courts understood the distinction they made in finding such acts void *ab initio*, and the cases lend support to the Bankruptcy Court's holding.

Having considered the available authority, the Court concludes that the Mississippi legislature intended to protect LLCs from the unauthorized acts of their members. It did so by passing section 79-29-303(2)(a) and then reemphasizing the point in 79-29-303(4). Earwood had no authority to bind Kinwood, and the conveyance was void *ab initio*. The Court therefore affirms the Bankruptcy Court's holding.[2]

BankPlus alternatively urges the Court to impose an equitable lien on the property in the amount of the unpaid Northlake promissory notes. BankPlus failed to raise this issue before the Bankruptcy Court and therefore waived the argument. *See In re OCA, Inc.*, 552 F.3d 413, 424

---

[2] The Court acknowledges that this is an close call. Capable counsel for both parties cited persuasive authority supportive of their positions, but this case raises policy issues Mississippi has yet to address. The Court's own exhaustive research also failed to render a clear answer. Given the potential impact of the ruling on the LLC Act, certification to the Mississippi Supreme Court would be tempting if not beyond this Court's authority. Nevertheless, the issue is well defined and will again receive *de novo* at the next stage of appeal.

(5th Cir. 2008) (citation omitted) (holding that issues "not properly presented to the bankruptcy court . . . cannot be raised . . . for the first time on appeal"); *Matter of Fairchild Aircraft Corp.*, 6 F.3d 1119, 1127-28 (5th Cir. 1993) (affirming district court holding that appellant waived argument by failing to raise it before the bankruptcy court).  Although exceptions exist, the Court finds that they are not applicable.

      For the above stated reasons, the Court finds that the Bankruptcy Court's order should be AFFIRMED.

      **SO ORDERED AND ADJUDGED** this the 18th day of September, 2009.

                                      s/ *Daniel P. Jordan III*
                                      UNITED STATES DISTRICT JUDGE